NORRIS WINSLOW, as Trustee, etc., Appellant, *v.* THE CARTHAGE, WATERTOWN AND SACKETTS HARBOR RAILROAD COMPANY and Others, Defendants.

In the Matter of the Application of ADDISON L. UPHAM, County Treasurer, etc., Respondent.

*Moneys paid into court — practice for the determination of the amount of fees of the county treasurer and the disposition of the fund.*

When, in an action brought by the trustees named in a mortgage to foreclose the same, a defendant pays into court a certain amount of money by depositing the same with the county treasurer of the county in which the action is triable, the county treasurer should, after the rendering of a judgment in the action dismissing the plaintiff's complaint on the merits, apply to the court for instruction as to the funds so deposited with him, giving notice of his application to the persons interested; upon which application the direction of the court as to the fund can be ascertained, and the extent of the lien thereon of the trustees named in the mortgage determined, and also the allowance of such fees to the county treasurer as he is entitled to receive.

Where there has been no formal judgment or order authorizing the county treasurer to pay out of court the funds deposited with him in an action, it is improper practice for him to make a motion for an order "adjusting his fees as county treasurer in the receiving and paying out in this action the moneys," etc. (MERWIN, J., dissenting.)

APPEAL by the plaintiff, Norris Winslow, as trustee, etc., from an order of the Supreme Court, made at the Jefferson Special Term and entered in the office of the clerk of the county of Jefferson on the 2d day of November, 1894, fixing the fees of the respondent for receiving and paying a certain sum of money, directing the payment thereof by the defendant, The Carthage, Watertown and Sacketts Harbor Railroad Company, and directing the respondent to

refuse the demand of the plaintiff for the payment of a fund, held by the respondent, to him, and further directing the respondent to deliver over to the defendant, The Carthage, Watertown and Sacketts Harbor Railroad Company, certain bonds.

*D. G. Griffin,* for the appellant.

*Smith & Smith,* for Addison L. Upham, county treasurer, respondent.

HARDIN, P. J. :

After the commencement of this action, October, 1891, to foreclose a mortgage given to the plaintiff, as trustee (and to his co-trustee, Sherman), a tender was made by The Carthage, Watertown and Sacketts Harbor Railroad Company on the 6th of January, 1892. Thereafter an amended answer was served by The Carthage, Watertown and Sacketts Harbor Railroad Company alleging the tender. And it is alleged in the answer of The Carthage, Watertown and Sacketts Harbor Railroad Company that the money was, on or about June 4, 1892, " duly paid into this court to the credit of this action, by paying the same to the county treasurer of Jefferson county, that being the county in which this action was triable."

The issues joined by the answer were put to a trial at a Special Term in Jefferson county, and the court found that the tender was sufficient and dismissed the plaintiff's complaint on the merits, with costs to defendants, and a general judgment to that effect was entered upon the decision so made. In the findings made it is stated " that the said moneys and checks so deposited with Vermilye & Co. remained there on such tender until on or about June 4, 1892, when they were duly paid into this court to the credit of this action, by paying the same to the County Treasurer of Jefferson county, that being the county in which this action is triable, and the said moneys can now be had by the parties entitled thereto upon the delivery of the bonds and coupons aforesaid."

It was found that the mortgage contained no provision which required the mortgagor to pay the expenses and compensation of the trustees.

There has been no formal judgment or order entered authorizing the county treasurer to pay out of the court the funds so

deposited with him. The trustees have a lien on said funds for their compensation. (*Woodruff* v. *N. Y., L. E. & W. R. R. Co.*, 129 N. Y. 27.) The county treasurer has not been authorized by any formal order to pay over the fund which came into his hands as the fruit of this action, and no adjudication has been made which discharges the lien which the trustees have upon such fund. The extent of that lien ought not to be determined without notice to the Lincoln National Bank. If the county treasurer had applied for instructions as to the fund, and given notice of his application to the bank, he might have obtained the direction of the court as to the fund, the extent of the lien thereon of the trustees, and an allowance of such fees as he was entitled to receive. Instead of adopting that course he has made the motion which led to the order now under review. In his notice of motion he asks for an order "adjusting his fees as County Treasurer in the *receiving* and *paying out* in this action the moneys," etc. He thus assumed that he had received and paid out the moneys as an officer of the court.

The Special Term has by its order allowed the county treasurer $500 to be paid by The Carthage, Watertown and Sacketts Harbor road; The Carthage, Watertown and Sacketts Harbor road has not appealed, and, therefore, is not entitled to complain, and as the appellant does not ask to have that part of the order reversed, there is no occasion to interfere with that part of the order. The foregoing views lead to a modification of the order.

MARTIN, J., concurred; MERWIN, J., dissented.

Order modified by striking out all of the second paragraph, beginning with the words, "It is further ordered," and ending with the words, "shall be discharged from all further liability in relation to the said fund," and as so modified affirmed, without costs.