W. Ingalls, William M. Pellett and Matilda Fiero, stipulated to withdraw all the answers interposed by them, consented that the plaintiff might proceed in the action as upon default, and waived notice of application for judgment. It also appeared by the affidavits read in opposition to this motion that the Fiero house and lot was by express agreement to be deemed withdrawn from the action and further proceedings in the case, and it was understood that the description thereof should be regarded as stricken out of the complaint, and that no decree of partition should be taken as to it; that it was the intention and understanding of the parties that the defendant Fiero was to be regarded as the owner of that parcel under her contract of purchase; that no further proceedings in the action were to be taken against her on account thereof, and that the question whether the same was real or personal property as between the plaintiff and the defendants Mary E. and Charles W. Ingalls in the distribution of the estate was to be determined in the manner specified. This understanding was carried out by the plaintiff by omitting from the decree herein the description of the Fiero house and lot. It is quite manifest from the papers contained in the appeal book that, during the progress of this action, there was an understanding and agreement between the tenants in common of the property mentioned in the complaint for the settlement of the action, and the division of the property in the manner set forth in the written contract between them. It is equally obvious that there was an understanding between all the parties that the Fiero house and lot was not thereafter to be regarded as a part of the property which was to be partitioned, but that Mrs. Fiero was to have it upon the payment of the portion of the purchase price remaining unpaid, and the question to be determined by Judge Hurd was whether the amount to be thus paid was to be treated as real or personal property in the division between the plaintiff and the defendants Mary E. and Charles W. Ingalls. Under these circumstances, it would, we think, have been both inequitable and unjust to grant the plaintiff's motion to insert a description of the Fiero property in the judgment herein *nunc pro tunc*, thereby making it a part of the property partitioned when it had been withdrawn from the action in consideration of the withdrawal of their answers by the defendants Pellett and Fiero. Nor do we think that any new interlocutory judgment should be granted as to such premises, directing a sale or division thereof, as such an order would be in direct conflict with the understanding between the parties, as the same may have been found by the Special Term. A careful examination of the papers before us upon this appeal has led us to the conclusion that the court properly denied the plaintiff's motion, and that the order appealed from should be affirmed. Order affirmed, with ten dollars costs and disbursements. Hardin, P. J., and Merwin, J., concurred.

Norris Winslow, as Trustee, etc., v. The Carthage, Watertown and Sacketts Harbor Railroad Company, Appellant; In the Matter of the Application of Addison L. Upham, County Treasurer, etc., Respondent.— Order reversed, without costs to either party.—
MARTIN, J.: Upon a former appeal from this order by the plaintiff Norris Winslow, as trustee, this court modified it by striking out the second paragraph, beginning with the words, " It is further ordered," and ending with the words, " shall be discharged from all further liability in relation to the said fund," thus leaving the order as modified so

that it directed the present appellant, the railroad company, to pay to the respondent $500 for his fees, and two dollars and sixty-seven cents for his disbursements, with that portion of the order which required the respondent upon this appeal to deliver to the appellant herein its bonds to the amount of $160,000, which was in his hands, upon payment of such fees, stricken out, at least so far as the plaintiff, the then appellant, was concerned. The whole order was not reversed upon the former appeal for the sole reason that the Carthage, Watertown and Sacketts Harbor Railroad Company had not appealed, and it was, therefore, assumed that it was satisfied with it. Upon this appeal the question is presented whether the whole order should not be reversed. Although it is difficult to discover any principle upon which the Special Term could properly require the appellant to pay the respondent $500 for his fees, yet, without discussing that question, and independent of it, we are of the opinion that the whole order should be reversed so as to avoid any complications that may arise by reason of the reversal of a portion of the order and leaving the rest undisturbed ; as, under such circumstances, it may perhaps be claimed with some show of reason that the respondent is entitled to recover his fees and disbursements without complying with that portion of the order which required him upon the payment of his fees to deliver the bonds in his hands to the railroad company. It is manifest from the opinion of this court delivered upon the former appeal that if the present appellant had then appealed from the whole order it would have been reversed. As it is now appealed from, in view of our former decision, we think it should be reversed, thus leaving the whole matter open to future action by the court below, thereby avoiding the complications suggested. But, as the appellant did not join in the former appeal, we think no costs should be allowed. Order reversed, without costs to either party. Hardin, P. J., concurred; Merwin, J., concurred in result.

Lydia Pritchard, Personally, and as Executrix, etc., of William Dickerson, Deceased, Respondent, v. Seldon Palmer and Others, Appellants.— Judgment affirmed, with costs.

Wilson B. Taylor, Respondent, v. Jackson T. Roe, Appellant.— Judgment affirmed, with costs.—
MARTIN, J.: A careful examination of the evidence contained in the appeal book has led us to the conclusion that it was sufficient to justify the decision of the learned trial judge that the premises described had become and were a public highway. While there was something of a conflict in the testimony as to the facts bearing upon that question, it cannot be said that the findings of the court were against the weight of the evidence. Upon the facts as found the court properly held that the *locus in quo* was a public highway, and it was, therefore, justified in directing the judgment herein. We find no other exception that would justify us in disturbing the judgment, or that requires discussion. It follows, therefore, that the judgment should be affirmed. Judgment affirmed, with costs. Hardin, P. J., and Merwin, J., concurred.

Alexander Myers, Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Judgment and order affirmed, with costs.—
*Per Curiam:* When this case was before us on a former appeal (82 Hun, 36) the judgment upon a verdict in favor of plaintiff was reversed on the ground that the plaintiff was guilty of contributory negligence and a nonsuit should have been granted on that